IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. BENJAMIN SHAWN MARQUES-GOBER, Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S *PRO SE* MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE Case No. 2:05-CR-73 TS |

This matter is before the Court for consideration of Defendant Benjamin Shawn Marques-Gober's *Pro Se* Motion for Early Termination of Supervised Release.[1] The Court will grant the Motion.

I. BACKGROUND

On April 24, 2006, Defendant was sentenced to a term of 6 months imprisonment, to run consecutive to his state sentence, and 24 months of supervised release. Defendant began his term

---

[1]Docket No. 287.

1

of supervised release on November 18, 2009. Defendant now moves to terminate that supervision.

In his Motion, Defendant represents that, while in custody, he completed a drug treatment program and received an Associates of Applied Science Degree in Culinary Arts. Defendant further represents that he has obtained employment and seeks to terminate his supervised release so that he may further his employment opportunities. Defendant also states that he has paid all of the restitution in his state case and his state parole has been terminated. Contact with Defendant's supervising officer confirms these representations and the fact that Defendant has been compliant with all terms of his supervised release. The government indicates that it does not object to the early termination of Defendant's supervised release.

## II. DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Having considered these factors, reviewed the docket and case file, and consulted with Defendant's supervising officer, the Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and in the interest of justice.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's *Pro Se* Motion for Early Termination of Supervised Release (Docket No. 287) is GRANTED.  It is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately and this case shall be closed.

SO ORDERED.

DATED April 11, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge